UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TIMOTHY RAY PEAVLER,**

                **Plaintiff,**

**v.**                                      **Case No:   6:16-cv-736-Orl-41GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

                **Defendant.**

_____

### REPORT AND RECOMMENDATION

Timothy Peavler (the "Claimant") appeals to the District Court a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred at step four of the sequential evaluation process in his consideration of Dr. Bruce Hoffen's medical opinions; and 2) at step five of the sequential evaluation process. [1] Doc. No. 15 at 12-16. Claimant requests that the Commissioner's decision be reversed and remanded for further proceedings. Id. at 19. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

### I.    FACTUAL BACKGROUND

On October 20, 2011, Claimant applied for DIB and SSI. Doc. No. 15 at 1. Claimant alleged

---

[1]  The Social Security regulations provide a five-step sequential evaluation process for determining whether a claimant is disabled. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999) (citing 20 C.F.R. § 404.1520). The ALJ must determine: 1) whether the claimant has engaged in substantial gainful activity; 2) whether the claimant has a severe impairment; 3) whether the severe impairment meets or equals in severity of one of the listed impairments; 4) whether the Claimant has the Residual Functional Capacity to perform his or her past relevant work; and 5) whether the claimant could perform other work within the national economy. Id.

a disability onset date of October 31, 2008. Id. On December 29, 2011, the Social Security Administration initially denied Claimant's applications. Id. On March 21, 2012, Claimant's applications were denied upon reconsideration. Id. On April 27, 2012, Claimant filed his request for hearing. R. 144. On November 15, 2013, a hearing was held before the ALJ. R. 30-49. On May 30, 2014, a supplemental hearing was held. R. 50-72. On July 31, 2014, the ALJ issued an unfavorable decision. R. 9-29. On September 30, 2014, Claimant requested review of the ALJ's decision. R. 8. On March 25, 2016, the Appeals Council denied Claimant's request. R. 1-6. On April 29, 2016, Claimant filed this appeal. Doc. No. 1.

## II.     STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson v. Perales, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" See Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting Bloodsworth v. Heckler, 703 F.2d 1233, 1239

(11th Cir. 1983)).

### III.   WEIGHING MEDICAL OPINIONS

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part in determining whether a claimant is disabled. In Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, (including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions) the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. Id. at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." Winschel, 631 F.3d at 1179 (quoting Cowart v. Schwieker, 662 F.2d 731, 735 (11th Cir. 1981)).

The ALJ cannot accept or deny certain portions of a medical opinion without providing reasons for doing so. In Monte v. Astrue, this District found that an ALJ committed reversible error:

> [B]y failing to either explain why he adopted only part of Dr. Alvarez–Mullin's opinion after expressly giving it significant weight, or in failing to adequately incorporate all of Plaintiff's mental limitations into his assessment of Plaintiff's RFC.

Monte v. Astrue, Case No. 5:08-cv-101-Oc-GRJ, 2009 WL 210720, at *6-7 (M.D. Fla. Jan. 28, 2009). See also, Hensley v. Colvin, 89 F.Supp.3d 1323, 1327-1328 (M.D. Fla. 2015) (remanding case due to an ALJ's failure to address all the portions of a medical opinion). Furthermore, should an ALJ provide great weight to an examiner's opinion, it must address the opinion either explicitly

or implicitly in its determination of Claimant's RFC. <u>Monte</u>, 2009 WL 210720, at *6-7. Failure to do so is a reversible error. <u>Id</u>.

## IV.    ANALYSIS

### A.  Dr. Hoffen's Opinions and the ALJ's RFC Finding

At step four of the sequential evaluation process the ALJ determines whether the claimant is able to perform his or her past relevant work. <u>Jones</u>, 190 F.3d at 1228. On July 2, 2014, Claimant saw Dr. Hoffen for a consultative neurological evaluation. R. 764. On the same day, Dr. Hoffen recorded his observations in a treatment note (the "Treatment Note"). R. 764-66. At the bottom of the Treatment Note, Dr. Hoffen documented his opinion as to Claimant's functional limitations. R. 765. Specifically, Dr. Hoffen states:

> [Claimant's] symptoms and signs are suggestive for muscle contraction type headaches, chronic cervical and lumbar myofascial pain with comorbid obesity. Headaches may be made worse by untreated sleep apnea. […] Speech, cognition and motor exam were normal except for <u>a deliberate and careful gait. There are no sitting restrictions. He can lift and carry occasionally up to twenty pounds. He can stand and walk occasionally</u> independently without any assistive device. No climbing. Avoid extremes of temperature because of headaches. No kneeling, crawling, and <u>only limited stooping.</u>

R. 765 (emphases added). On the same day, Dr. Hoffen completed a Medical Source Statement of Ability To Do Work-Related Activities (the "Medical Source Statement"). R. 758-763. In the Medical Source Statement, Dr. Hoffen addressed Claimant's functional capacity. <u>Id.</u> Dr. Hoffen also noted that Claimant could sit for four hours, stand for two hours, and walk for two hours without interruption. R. 759. Claimant could sit for a total of six hours and walk for a total of two hours in an eight-hour work day.[2] Dr. Hoffen completed the Medical Source Statement on the

---

[2] Dr. Hoffen failed to indicate whether Claimant had any limitations as to the total of amount of time he could stand in an 8-hour workday. R. 759.

same day as the Treatment Note. R. 763; 764. Accordingly, the Court interprets Dr. Hoffen's findings in the Medical Source Statement as clarifying his statement in the Treatment Note that Claimant "can stand and walk occasionally..." R. 765.[3] Dr. Hoffen also opined that Claimant can never be in extreme heat. R. 762.

In determining Claimant's Residual Functional Capacity ("RFC"), the ALJ found that Claimant had the RFC to perform light work:

> After careful consideration of the entire record, the undersigned finds that [Claimant] has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that [Claimant] must avoid work around dangerous machinery, unprotected heights, ladders or scaffolds.

R.15-16. In making his RFC finding, the ALJ specifically weighed the opinions of a number of physicians. R. 21-23. The ALJ gave significant weight to the Medical Source Statement, stating:

> Significant weight is given to the opinion of Bruce Hoffen, M.D., the neurologist who performed a consultative examination of the claimant. Dr. Hoffen opined that the claimant had no restrictions on sitting and could stand and walk without the use of an assistive device. He opined that [Claimant] had no limitations on fine or gross manipulation and could occasionally lift or carry up to 20 pounds. Dr. Hoffen opined that [Claimant] could occasionally stoop, but should avoid temperature extremes and climbing, kneeling, or crawling. Significant weight has been given to the opinion of Dr. Hoffen as he has based his opinions upon his comprehensive examination of [Claimant] and a thorough review of the records. Dr. Hoffen is an expert in the field of neurology. Moreover, the opinions of Dr. Hoffen are consistent with the other substantive medical evidence of record.

R. 22 (emphases added). While the ALJ gave significant weight to the Medical Source Statement, the ALJ did not mention any of its limitations regarding Claimant's ability to sit, stand, and walk.

---

[3] The Commissioner acknowledges same by stating: "Dr. Hoffen clarified in the [Medical Source Statement] that by "occasional" walking, he meant that Plaintiff could walk two hours at a time without interruption, and two hours in a workday, and that Plaintiff did not require a cane to ambulate." Doc. No. 15 at 17. The Commissioner then cites to the Medical Source Statement.

Id. Moreover, the ALJ did not address the Medical Source Statement's limitations regarding extreme heat. Id. At step four, the ALJ found that Claimant is capable of performing past relevant work as a cashier II and short order cook. R. 23. The ALJ found that such work "does not require the performance of work-related activities precluded by [Claimant's RFC]." Id.

Claimant contends that the ALJ erred in weighing Dr. Hoffen's opinions. First, Claimant states that the ALJ's finding that Claimant had the ability to perform light work did not consider the functional limitations stated in Dr. Hoffen's opinions, which state that Claimant could "stand and walk occasionally…" Doc. No. 15 at 15; R. 765.[4] Second, Claimant contends that the ALJ ignored the Medical Source Statement's prohibition of extreme heat. Doc. No. 15 at 15; R. 762. Third, Claimant contends that because the functional limitations in Dr. Hoffen's opinions were not considered, the ALJ's hypothetical to the Vocational Expert (the "VE") was improper because it did not contain all of Claimant's functional limitations. Doc. No. 15 at 15. The Commissioner states that the ALJ was correct in not specifically discussing every aspect of Dr. Hoffen's opinions because Dr. Hoffen is not a treating physician. Doc. No. 15 at 17. The Commissioner also contends that ALJ did not err because "it is clear that the ALJ rejected those aspects of Dr. Hoffen's opinion[s] that did not comport with the opinion he gave the "greatest weight"." Doc. No. 15 at 18.[5]

With regard to the Treatment Note and the Medical Source Statement, the Court agrees with Claimant. These opinions contain limitations in sitting, standing, and walking. R. 759. The

---

[4] **Light work** is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. §§ 404.1567(b), 416.967(b) (emphases added).

[5] The ALJ gave the greatest weight to the opinion of Dr. Ronald Devere, a reviewing physician. R.21-22.

ALJ gave Dr. Hoffen's opinions significant weight. R. 22. Nevertheless, in making the RFC finding, the ALJ failed to address Dr. Hoffen's opinions on such limitations. As a result, the ALJ's RFC finding contains no limitation in sitting, standing, or walking.[6] Despite giving significant weight to Dr. Hoffen's opinions, the ALJ did not address all the functional limitations stated therein nor provided any reasons as to why he failed to include any such limitations in the RFC.

The ALJ committed a similar error as to Claimant's limitations regarding extreme heat. Both the Treatment Note and the Medical Source Statement contain an opinion that prohibits Claimant's exposure to extreme heat. R. 762; 765. The ALJ, however, did not address this limitation in the RFC nor provide any reason why it was excluded in the RFC. As stated above, the ALJ cannot accept or deny certain portions of a medical opinion without providing reasons for doing so. Hensley, 89 F.Supp.3d at 1327-1328; Monte, 2009 WL 210720, at *6-7 (finding reversible error when the ALJ failed to explain why he adopted a portion of a medical opinion after giving it significant weight). Thus, the Court finds that the ALJ erred by: 1) not addressing the sitting, standing, and walking limitations in Dr. Hoffen's opinions; and 2) not addressing Dr. Hoffen's prohibition of extreme heat in the RFC nor providing a reason why such limitations were excluded.

Based on the ALJ's failure to address the above-mentioned aspects of Dr. Hoffen's opinions, "it is impossible […] to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." Winschel, 631 F.3d at 1179 (quoting Cowart v. Schwieker, 662 F.2d 731, 735 (11th Cir. 1981)). Accordingly, it is recommended that the Court reverse and remand the Commissioner's decision.

---

[6] These functional limitations are essential to the definition of light work. See Supra, note 3.

### B. The VE Hypothetical

Claimant argues that the ALJ erred by posing an improper hypothetical to the VE. Doc. No. 15 at 15. At step five of the sequential evaluation process, the ALJ determines whether the claimant could perform other work within the national economy. Jones, 190 F.3d at 1228. In making such a determination, the ALJ may rely on the testimony of the VE. Id. In order for the VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question that matches the RFC and "comprises all of claimant's impairments." Id. at 1229. Where, as here, the ALJ erred in making an RFC finding and used that RFC to pose a hypothetical question to the VE, the error at step four also impacts step five. Therefore, it is recommended that the Court reverse and remand the Commissioner's decision.

## V.     CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that:

1.      The Court **REVERSE** and **REMAND** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g); and

2.      Direct the Clerk to enter judgment in favor of the Claimant and to close the case.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 17, 2017.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy