**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TIMOTHY RAY PEAVLER,**

              **Plaintiff,**

**-vs-**                                                Case No. 6:16-cv-736-Orl-41GJK

**COMMISSIONER OF SOCIAL SECURITY,**

              **Defendant.**
_____

## REPORT AND RECOMMENDATION

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S UNCONTESTED MOTION FOR ATTORNEY'S FEES (Doc. No. 19)** |
| **FILED:** | May 1, 2017 |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part.** |

On March 28, 2017, a judgment was entered reversing and remanding this case to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. Nos. 17, 18. On May 1, 2017, Plaintiff moved, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA"), for an award of attorney's fees (the "Motion"). Doc. No. 19. In the Motion, Plaintiff requests the Court award attorney's fees in the amount of $2,986.37. *Id.* at 1. Counsel represents that they expended 15.5 hours of work on the case in 2016 and 2017, at an hourly rate of $192.67.[1] *Id.* at 2. The hourly rates requested do not exceed the EAJA cap of $125 per hour adjusted for inflation. *Id.* at 9-10. The undersigned finds that the

---
[1] Counsel attaches detailed time sheets in support of the hourly rate and the number of hours worked. Doc. No. 19 at 11, 12.

hourly rate and time expended are reasonable. Plaintiff states that "[i]f the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff's counsel." *Id.* at 2. The Motion is unopposed. *Id.* at 3.

In *Astrue v. Ratliff*, 560 U.S. 586, 2524-30 (2010), the United States Supreme Court held that EAJA fees are awarded to the "prevailing party" or the litigant rather than to the litigant's attorney. The Supreme Court noted, however, that nothing in the statute or its holding affects the prevailing party's contractual right to assign the right to receive the fee to an attorney, analogizing those cases interpreting and applying 42 U.S.C. § 1988 where the Court has held a prevailing party has the right to waive, settle, negotiate, or assign entitlement to attorneys' fees. *Id.* at 596-98. An assignment, however, must comply with the requirements in 31 U.S.C. § 3727(b) to be valid. *See Farm Bureau Mut. Ins. Co. v. United States*, 5 Cl. Ct. 142, 145 (Cl. Ct. 1984).

Section 3727(b) provides that "[a]n assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." Accordingly, an assignment made prior to the award of attorney's fees necessarily violates section 3727(b) because the claim has not been allowed, the amount of the claim has not been determined, and a warrant for the claim has not been issued. *Id.* Thus, any assignment of EAJA fees which predates an award and determination of the amount of fees is voidable. *See Delmarva Power & Light Co. v. United States*, 542 F.3d 889, 893 (Fed. Cir. 2008); *Young v. Astrue*, No. 3:09–CV–132 CDL–MSH, 2011 WL 1196054, at *3-4 (M.D. Ga. Feb. 24, 2011). In this case, because Plaintiff's assignment, Doc. No. 19-1, predates this award of fees under the EAJA, it does not satisfy section 3727(b). *Crumbly v. Colvin*, No. 5:13–CV–291 (MTT), 2014

2

WL 6388569, at *4-5 (M.D. Ga. Nov. 14, 2014); *Huntly v. Comm'r of Soc. Sec.*, No. 6:12-cv-613-Orl-37TBS, 2013 WL 5970717, at *5 (M.D. Fla. Nov. 3, 2013). Based on the foregoing, the undersigned concludes that the award of EAJA fees should be made payable to Plaintiff as the prevailing party. Accordingly, it is **RECOMMENDED** that:

1. The Motion be **GRANTED** only to the extent that the Court awards EAJA attorney's fees to Plaintiff, as the prevailing party, in the sum of $2,986.37;

2. Otherwise, the Motion be **DENIED**;[2] and

3. The Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **In order to expedite the final disposition of this matter, if the parties have no objections to this report and recommendation, they may promptly file a joint notice of no objection.**

**RECOMMENDED** in Orlando, Florida, on May 2, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

---

[2] The United States Department of the Treasury may exercise its discretion to honor Plaintiff's assignment of benefits if it determines that Plaintiff does not owe a debt to the Government, however, it is not recommended that the Court order the Department to honor it.